J-S39018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

           v.                             :
                                          :
                                          :

JERMAINE ABRAMS                     :
                                          :
           Appellant                 :     No. 3054 EDA 2019

Appeal from the PCRA Order Entered September 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1111452-2002

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

           v.                             :
                                          :
                                          :

JERMAINE ABRAMS                     :
                                          :
           Appellant                 :     No. 3055 EDA 2019

Appeal from the PCRA Order Entered September 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1109861-2002

BEFORE:    LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                 **FILED SEPTEMBER 8, 2020**

      In these consolidated cases, Appellant, Jermaine Abrams, appeals from

the order entered on September 12, 2019, which dismissed his petition filed

---

[*] Retired Senior Judge assigned to the Superior Court.

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court accurately summarized the relevant factual and procedural history of this case as follows.

> In 2002, at the age of 17, [Appellant] participated in . . . three [] robberies, two in Philadelphia[, Pennsylvania] and one in Chester, Delaware County, Pennsylvania. All three robbery victims were shot multiple times; two did not survive. In February 2004, [Appellant] and his co-defendant[,] Caleb Butler[,] were tried jointly for one of the murders before the Honorable Jane Cutler Greenspan. The jury found [Appellant] guilty of first[-]degree murder, robbery, criminal conspiracy, possession of an instrument of [a] crime, and one violation of the Uniform Firearms Act (VUFA). In March 2004, [Appellant] was tried by a separate jury for [the other] murder. The jury found [Appellant] guilty of first[-]degree murder, criminal conspiracy, possession of an instrument of [a] crime, and one violation of the VUFA. At both trials, Anthony Murphy, [Appellant's] co-conspirator in one of the robberies, testified against him. On May 6, 2004, Judge Greenspan sentenced [Appellant] to consecutive life sentences for the murders as well as a consecutive aggregate term of 44 to 90 years['] state incarceration [for] the remaining charges.
>
> [Appellant] did not file a direct appeal in either case. On October 4, 2004, [however,] he filed a PCRA petition, requesting that his appellate rights be reinstated *nunc pro tunc*. This request was granted[,] and he filed direct appeals. On January 13, 2006, [this Court] affirmed [Appellant's] judgment[s] of sentence. [*See Commonwealth v. Abrams*, 895 A.2d 644 (Pa. Super. 2006) (unpublished memorandum).] [Our Supreme Court subsequently] denied *allocatur* on August 29, 2006. [*See Commonwealth v. Abrams*, 906 A.2d 537 (Pa. 2006)].
>
> On April 5, 2007, [Appellant] filed his first substantive PCRA petition. On December 11, 2007, [court-appointed] counsel filed a "no-merit" letter pursuant to [*Commonwealth v. Turner*, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. Judge Greenspan dismissed [the] petition based upon counsel's [*Turner/Finely* letter] on February 5, 2008. [This Court affirmed the PCRA court's dismissal on

December 17, 2008. *See Commonwealth v. Abrams*, 965 A.2d 286 (Pa. Super. 2008) (unpublished memorandum).]

PCRA Court Opinion, 2/28/20, at 1-2.

On July 6, 2010, Appellant filed a second PCRA petition *pro se*. In it, Appellant claimed that, because he was under the age of 18 at the time of the offense, he was entitled to relief pursuant to *Graham v. Florida*, 560 U.S. 48 (2010).[1] Thereafter, Appellant submitted several *pro se* supplements to his July 2010 petition.[2] Specifically, on May 26, 2011, Appellant filed a supplemental PCRA petition in which he submitted "two affidavits from inmates who alleged that [the] Commonwealth witness[,] Anthony Murphy[, told] them that he [] lied on the stand when he implicated [Appellant] in the murders." PCRA Court Opinion, 2/28/20, at 3. Appellant claimed that the affidavits qualified as newly-discovered facts that purportedly invoked the PCRA's timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) and entitled him to relief. In addition, on July 30, 2012, Appellant filed a

_____

[1] In *Graham*, the United States Supreme Court held that the Eighth Amendment prohibits the imposition of a life without parole sentence on a non-homicide juvenile offender. *Graham*, 560 U.S. at 8.

[2] The certified record does not show that Appellant sought leave of court to amend his July 6, 2010 petition pursuant to Pa.R.Crim.P. 905(A). In general, if an appellant fails to seek leave of court, any claim raised in an unauthorized supplemental petition is waived. *See Commonwealth v. Reid*, 99 A.3d 427, 437 (Pa. 2014). The PCRA court, however, implicitly permitted Appellant to amend his July 6, 2010 petition by considering the issues contained within his supplemental submissions. *See Commonwealth v. Brown*, 141 A.3d 491, 504-505 (Pa. Super. 2016) ("[W]hen a petitioner files supplemental materials to a PCRA petition, and the PCRA court considers such materials, an attempt by the Commonwealth to preclude consideration of such material fails.").

supplemental petition in which he sought relief under **Miller v. Alabama**, 132 S.Ct. 2455 (2012). PCRA Court Opinion, 2/28/20, at 3.

On December 22, 2015, the PCRA court dismissed Appellant's PCRA petition as untimely. In doing so, the court concluded that **Miller** "had not yet been held to apply retroactively." **Id.** Additionally, the PCRA court "found that [Appellant's newly-discovered fact claim] was deficient and could not be used to overcome [the PCRA] time[-]bar." **Id.** Appellant subsequently appealed, but only challenged the PCRA court's dismissal of his **Miller** claim. **Id.** "While [Appellant's] appeal was pending, the United State[s] Supreme Court decided **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which held that **Miller** applied retroactively." PCRA Court Opinion, 2/28/20, at 3. Accordingly, this Court reversed the PCRA court's order, vacated Appellant's judgments of sentence, and remanded for resentencing in accordance with **Miller/Montgomery**. **Commonwealth v. Abrams**, 161 A.3d 380 (Pa. Super. 2017) (unpublished memorandum).

Thereafter, the court issued an order scheduling Appellant's resentencing hearing for December 18, 2018. Appellant, however, filed a PCRA petition on December 10, 2018. Appellant's PCRA Petition, 12/20/18, at *1-5 (un-paginated). In his December 10, 2018 PCRA petition, Appellant alleged that he recently obtained an affidavit by Anthony Murphy in which Murphy averred that his "statements to police and his subsequent testimony [during Appellant's] preliminary hearing and trials were false." PCRA Court's Opinion, 2/28/20, at 3. Appellant argued that Anthony Murphy's affidavit

qualified as a newly-discovered fact under 42 Pa.C.S.A. § 9545(b)(1)(ii) which entitled him to relief.

Accordingly, Appellant's "case was reassigned" to a different court to "dispose of [his December 10, 2018 PCRA] petition prior to resentencing." PCRA Court's Opinion, 2/28/20, at 3. Thereafter, on August 6, 2019, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 8/6/19, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant filed a response to the court's Rule 907 notice on August 26, 2018. The PCRA court ultimately dismissed Appellant's petition on September 12, 2019. This timely appeal followed.[3]

Appellant raises the following issue on appeal:

> Did the [PCRA] court commit legal error and abuse its discretion by dismissing [Appellant's] PCRA [p]etition without [conducting] an evidentiary hearing to address material[] issues[] of[] fact needed to dispose of [A]ppellant's factual[] invocation of the timeliness exception under 42 Pa.C.S.[A.] § 9545(b)(1)(ii) and Pa.R.Crim.[P.] 908 (A)(2)[?]

Appellant's Brief at 2.

---

[3] Appellant filed two separate notices of appeal (corresponding to each trial court docket for the original, underlying homicide prosecutions) on October 10, 2019 as required by **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note). This Court consolidated Appellant's appeals *sua sponte* by order dated August 17, 2020. **See** Order, 8/17/20, at 1. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Regardless, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 28, 2020.

As a prefatory matter, we must address whether the PCRA court erred in considering Appellant's December 10, 2018 PCRA petition. As indicated above, Appellant filed a previous PCRA petition in which he requested relief under *Miller*, *supra*. The PCRA court dismissed Appellant's petition and Appellant subsequently appealed. Ultimately, this Court reversed the PCRA court's order, vacated Appellant's judgments of sentence, and remanded for resentencing in accordance with *Miller/Montgomery*. *See Commonwealth v. Abrams*, 161 A.3d 380 (Pa. Super. 2017) (unpublished memorandum). While awaiting resentencing consistent with our remand order, Appellant filed the instant PCRA petition, which the PCRA court dismissed. Thus, we initially consider whether the PCRA court properly entertained and disposed of Appellant's December 10, 2018 petition while he awaited resentencing pursuant to our disposition of his prior PCRA appeal.

Our recent holding in *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa. Super. 2018) (*en banc*) is instructive. In *Montgomery*, the petitioner filed a series of four PCRA petitions after this Court affirmed his judgment of sentence. *Id.* at 362. The PCRA court dismissed Montgomery's first two petitions and this Court subsequently affirmed the PCRA court's dismissals. *Id.* Montgomery then filed a third PCRA petition and, while that petition was pending before the PCRA court, he filed a fourth PCRA petition. *Id.* Ultimately, the PCRA court dismissed Montgomery's fourth PCRA petition before ruling on his third petition. Thereafter, Montgomery appealed the PCRA court's order dismissing his fourth PCRA petition. On appeal, "this Court *sua*

*sponte* ordered that [the] case be heard *en banc* and . . . directed counsel to address, in addition to any other issues deemed meritorious, whether a PCRA court possesses subject matter jurisdiction over a subsequent PCRA petition when a previous PCRA petition regarding the same judgment of sentence is pending before the PCRA court." *Id.*

In addressing this issue, this Court interpreted our Supreme Court's holding in *Commonwealth v. Porter*, 35 A.3d 4 (Pa. 2012). We explained:

> *Porter* announced a new general rule - a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final; however, nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review.

*Montgomery*, 181 A.3d at 364-365. Ultimately, this Court held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." *Id.* at 365. For these reasons, this Court in *Montgomery* concluded that the PCRA court could address Montgomery's fourth petition despite the pendency of his third petition before that court. *Id.* at 367-368. As such, we further concluded that the PCRA court correctly dismissed Montgomery's fourth petition as untimely.

Herein, at the time Appellant filed the instant PCRA petition, no prior petition remained pending on appellate review. As such, the PCRA court did not err in considering Appellant's December 10, 2018 petition. *Id.* at 365.

- 7 -

Therefore, the pendency of Appellant's resentencing proceedings do not foreclose our review of the order dismissing the instant petition as untimely.

We now turn to a separate but somewhat related matter in which the Commonwealth maintains that this Court should quash the instant appeal. Specifically, the Commonwealth argues that, because this Court previously vacated Appellant's judgments of sentence and remanded for resentencing, and because Appellant filed the instant PCRA petition before resentencing occurred, Appellant is ineligible for collateral relief because he is not "currently serving a sentence of imprisonment" as required by 42 Pa.C.S.A. § 9543(a)(1)(i). *See* Commonwealth's Brief at 10, *citing* 42 Pa.C.S.A. § 9543(a)(1)(i) ("To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence ... [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and at the time relief is granted[, he is] currently serving a sentence of imprisonment, probation or parole for the crime[.]").

The Commonwealth's argument is unavailing. First, Pennsylvania court's traditionally interpret Section 9543(a)(1)(i) to prevent a petitioner from receiving collateral relief "once the sentence for the challenge conviction is **completed**." *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa. Super. 2003) (emphasis added), *citing Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997). Herein, our previous disposition simply rendered Appellant's sentence subject to correction and, as such, Appellant has yet to complete his sentence. Indeed, he remains lawfully committed to the custody of the

Department of Corrections pending his resentencing proceeding. Second, this Court recently explained that Section 9543(a)(1)(i) "establish[es] only a petitioner's eligibility for post-conviction relief." *Commonwealth v. Fields*, 197 A.3d 1217, 1223 (Pa. Super. 2018) (*en banc*). "This eligibility provision[, however,] is not a jurisdictional requirement." *Commonwealth v. Kuyumjian*, 2019 WL 2407541, *3 n.10 (Pa. Super. June 7, 2019) (unpublished memorandum). Accordingly, because the PCRA court **denied** relief on Appellant's December 10, 2018 petition, and because "we affirm . . . the PCRA court['s order] on the jurisdictional basis," we conclude that Section 9543(a)(1)(i) does not preclude our review and we decline to quash this appeal. *Kuyumjian*, 2019 WL 2407541 at *3 n.10; *see also Fields*, *supra* at 1223 (holding "that the requirements set forth in section 9543 establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition.").[4]

_____

[4] The Commonwealth cites no authority that directly supports its claim that our prior resentencing order renders Appellant ineligible for collateral relief under Section 9543(a)(1)(i) because he is no longer serving a sentence. Our own efforts have proven fruitless as well. We note, however, that in other contexts we have rejected the notion that resentencing orders alter an incarcerated petitioner's wider status under the PCRA. *See e.g. Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) ("A successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction but, rather, affected his sentence only."). Hence, we are unpersuaded that quashal is appropriate under these circumstances.

Turning to the merits of this appeal, Appellant argues that the PCRA court erred in denying his petition without an evidentiary hearing. Appellant's Brief at 5-13. The PCRA court concluded that it lacked jurisdiction to entertain Appellant's petition because the filing was untimely. PCRA Court Opinion, 2/28/20, at 4-9. "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> Our standard of review is as follows:

> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. [This C]ourt's scope of review is limited to the findings of the PCRA court and the evidence on the record [] viewed in the light most favorable to the prevailing party.

*Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgments of sentence became final on November 27, 2006,[5] 90 days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for writ of *certiorari* in the United States Supreme Court elapsed. *See* U.S. Sup.Ct. Rule 13. To be timely, Appellant needed to file his PCRA petition on or before November 27, 2007. Appellant, however, filed the current petition on December 10, 2018; hence, his petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. § 9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the untimely filing of a PCRA petition will be excused. To invoke an exception, a petition must allege and prove one of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[5] In its 1925(a) opinion, the PCRA court incorrectly stated that Appellant's judgment of sentence became final on December 29, 2006. PCRA Court Opinion, 2/28/20, at 6. Nonetheless, as Appellant did not file the instant PCRA petition until December 10, 2018 — 12 years after his judgment of sentence became final — the PCRA court's erroneous calculation is of no consequence.

- 11 -

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."[6]  42 Pa.C.S.A. § 9545(b)(2).  "The petitioner bears the burden to plead and prove an applicable statutory exception." **Hudson,** 156 A.3d at 1197.

In this instance, Appellant argues that his petition is timely under the PCRA's newly-discovered fact exception.  **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Appellant claims that he recently obtained an affidavit by Anthony Murphy that averred that his "statements to police and his subsequent

_____

[6] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." **Id.** at Comment.  Herein, Appellant argues that he discovered Anthony Murphy's affidavit on December 22, 2017. **See** Appellant's Brief at 6; **see also** Appellant's Reply to PCRA Court's 907 Notice, 8/26/19, at *1 (un-paginated).  Thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

testimony [during Appellant's] preliminary hearing and trials were false." PCRA Court's Opinion, 2/28/20, at 3. Appellant argues that since he learned of the "existence of the affidavit on or about December 22, 2017" and filed his PCRA petition within "a year [of that] discovery," the PCRA court erred in concluding that his petition was untimely.[7] Appellant's Brief at 6 and 9. We disagree.

To qualify under the newly-discovered fact exception to the PCRA's time-bar, it is not enough to simply file a PCRA petition within 60 days of learning new information. Rather, a petitioner must "allege and prove that there were '**facts**' that were 'unknown to him' and that he could not have ascertained those **facts** by the exercise of due diligence." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original). Notably, the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Id.***; ***see also Commonwealth v. Abu–Jamal,*** 941 A.2d 1263, 1269 (Pa. 2008) (holding that the discovery of "yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of

_____

[7] Appellant is under the impression that the legislative amendment to Section 9545(b)(2) applies in the instant case. ***See*** Appellant's Brief at 6. As explained in footnote six, Appellant is incorrect. Section 9545(b)(2) requires a petitioner to file a PCRA petition within a certain time period after a claim arises. ***See*** 42 Pa.C.S.A. § 9545(b)(2). Because Appellant argues that he discovered Anthony Murphy's affidavit on December 22, 2017, his claim arose prior to December 24, 2017, and therefore, Section 9545(b)(2) as amended is not applicable to the Appellant's petition.

[Section] 9545(b)(1)(ii)"). Further, the statute requires the PCRA petition to specifically "explain why [the petitioner] could not have obtained the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010). This is "strictly enforced." ***Id.***

As stated above, the newly-discovered fact upon which Appellant relies is an affidavit by his co-conspirator, Anthony Murphy, indicating that he falsely implicated Appellant in the murders. Contrary to Appellant's claim, this "fact" is not newly-discovered. Indeed, in a previous PCRA petition, Appellant submitted "two affidavits from inmates who alleged that . . . Anthony Murphy [told] them that he [] lied on the stand when he implicated [Appellant] in the murders." PCRA Court Opinion, 2/28/20, at 3. Accordingly, the "fact" that Anthony Murphy testified falsely was known to Appellant, at the very latest, in 2011. ***See*** Appellant's PCRA Petition, 5/26/11, at 6. Thus, Anthony Murphy's affidavit cannot be used as a basis for relief under Section 9545(b)(1)(ii) because it is simply a new source for a previously known fact. ***See Marshall***, 947 A.2d at 720. Because Appellant failed to satisfy the statutory requirements for invoking the newly-discovered fact exception and failed to overcome the PCRA's one-year time-bar, the PCRA court correctly dismissed, without a hearing, Appellant's petition for lack of jurisdiction. ***See*** Pa.R.Crim.P. 907(1) (PCRA court may dispense with hearing if it is satisfied

there are no genuine issues of material fact, the petitioner is not entitled to relief, and no purpose would be served by further proceedings).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020